Filed 8/1/16  In re Aaron S. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re AARON S., a Person Coming Under the Juvenile Court Law. | B271391<br><br>(Los Angeles County<br>Super. Ct. No. DK15179) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>CASSANDRA B.,<br><br>     Defendant and Appellant. | |

APPEAL from jurisdiction findings and an order of the Superior Court of Los Angeles County, Philip L. Soto, Judge.  The oral declaration of jurisdiction findings is reversed.  In all other respects the court's February 24, 2016 findings and orders are affirmed.

Kate M. Chandler, under appointment by the Court of Appeal, for Defendant and Appellant.

Patricia Bell, under appointment by the Court of Appeal, for Aaron S., Minor.

Mary C. Wickham, County Counsel, R. Keith Davis, Acting Assistant County Counsel, Jeanette Cauble, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

On January 15, 2016 the Los Angeles County Department of Children and Family Services (Department) filed a juvenile dependency petition pursuant to Welfare and Institutions Code section 300, subdivisions (a) and (b),[1] alleging eight-year-old Aaron S. was at substantial risk of serious physical harm as a result of the conduct of his parents, Cassandra B. and Alfonso S.  At a joint jurisdiction and disposition hearing on February 24, 2016, the juvenile court (Hon. Philip L. Soto) sustained counts a-1 and b-3 of the petition, which alleged in identical language, "On a prior occasion, the child Aaron S[.]'s mother, Cassandra [B.] and father, Alfonso S[.], engaged in a violent altercation in which the mother kicked the father in the child's presence.  The mother's violent conduct endangers the child's physical health and safety and places the child at risk of serious physical harm, damage and danger."  The court struck counts b-1 and b-2, which contained allegations concerning Cassandra's purported substance abuse and mental and emotional problems.  The court then stated, "We will take jurisdiction over the child.  The child is a person described by WIC 300 (a) through (j)."  The court removed Aaron from the care and custody of his mother, released Aaron to his father and ordered services for the mother.

Cassandra appealed the jurisdiction findings and disposition order, arguing the court erred in describing Aaron as a dependent under section 300, subdivisions (c) through (j)—grounds for dependency jurisdiction that were not alleged by the Department in its petition and for which no evidence was presented at the jurisdiction hearing.[2]  Following the filing of Cassandra's opening brief on appeal, counsel for

_____

[1] Statutory references are to this code unless otherwise stated.

[2] In contrast to Judge Soto's oral pronouncement, the minute order entered by the clerk following the February 24, 2016 hearing states "The minor(s) is/are person(s)

Cassandra, Aaron and the Department filed a joint application and stipulation for partial reversal, requesting this court reverse the oral declaration that Aaron was a child described under section 300, subdivisions (c) through (j), and otherwise affirm the court's jurisdiction and disposition findings and order.

Code of Civil Procedure section 128, subdivision (a)(8), provides, "An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." The memorandum of points and authorities jointly submitted by the parties supports the findings required by this provision, and the court grants the application.

But more than another stipulated reversal without explanation is required. This is the second case requesting a partial reversal based on the "a through j" issue from Judge Soto's court presented to us in the last two months. On the first occasion we believed there simply was "an obvious error in its oral ruling by the juvenile court" and inquired whether appellant's counsel had attempted an informal resolution of the matter before filing an opening brief. (See *In re James T.*, B269281, June 8, 2016 Order.) In response we were advised other appeals had raised the same issue and in at least one of those cases appointed appellate counsel had attempted to correct the error by having trial counsel "walk on" a request to correct or clarify the record. Judge Soto denied that request. The issue, therefore, is not a matter of a bench officer inadvertently misspeaking during a

---

described by subdivisions: AB." Conflicts between the reporter's and clerk's transcripts are generally resolved in favor of the reporter's transcript. (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 249; *In re Josue G.* (2003) 106 Cal.App.4th 725, 731, fn. 4; see *People v. Smith* (1983) 33 Cal.3d 596, 599.)

3

hearing, but a recurring problem that is unnecessarily taxing the resources of this court and our appointed counsel program.[3]

Judge Soto's oral pronouncement in this case—and in other proceedings in which he has similarly stated the child is "a person described by WIC 300 (a) through (j)" when the Department has pleaded and proved more limited grounds for dependency—is inconsistent with the governing provisions of the Welfare and Institutions Code and the California Rules of Court. Section 356, applicable to jurisdiction hearings, provides, "After hearing the evidence, the court shall make a finding, noted in the minutes of the court, whether or not the minor is a person described by Section 300 and the specific subdivisions of Section 300 under which the petition is sustained . . . ." Similarly, section 360, applicable to disposition hearings, refers to a finding by the court that the child "is a person described by Section 300." (§ 360, subds. (a), (b), (d).) This language arguably permits the juvenile court to rule, for example, that the petition has been sustained under subdivisions (a) and (b), and to find the child is a person described by section 300, full stop—that is, without repeating the specific subdivisions upon which the order sustaining

---

[3] That the pronouncement "the child is a person described by WIC 300 (a) through (j)" is Judge Soto's general practice, not an unintended error, is confirmed by a review of other cases from Judge Soto's court pending in this division. For example, in *In re Bella V.*, B268754, a matter on this court's August 2016 calendar, Judge Soto sustained a petition alleging the child came within the jurisdiction of the juvenile court under section 300, subdivision (b), based upon the parents' daily use of marijuana, and then "declare[d] the child a person described by WIC 300 (a) through (j)." Similarly, in *In re Tristan D.*, B269845, which we dismissed pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835, 838, on June 29, 2016, the court sustained the petition under section 300, subdivisions (b) and (j) and then stated, "The children are declared person[s] described by WIC 300(a) through (j)." As in the cases discussed in the text, the minute orders entered by the clerk following the jurisdiction/disposition hearings in *In re Bella V.* and *In re Tristan D.* did not accurately reflect these oral pronouncements, stating, "Minor(s) declared a dependent child of the court under WIC 300 subdivision B" and "Minor(s) declared a dependent child of the court under WIC subdivisions BJ." Both aspects of this problem—Judge Soto's improper description of the grounds for dependency jurisdiction and his clerk's failure to record in the minute order what Judge Soto actually said—are troubling.

petition was based. However, nothing in the statutory language justifies a reference to all 10 of section 300's subdivisions ("a through j") as occurred here, rather than to the specific subdivisions at issue in the pending proceeding.

Moreover, rule 5.682 of the California Rules of Court, which specifies in greater detail the obligations of the court when conducting the jurisdiction hearing, requires the court, if the dependency petition is sustained, to find (and note in the order of the court) that "[t]he child is described under one or more specific subdivisions of section 300." (Cal. Rules of Court, rule 5.682(f)(8).) Under this rule, a general reference to section 300 when finding a child is an individual described by section 300 at the jurisdiction hearing is not sufficient: The court must identify the specific subdivisions of section 300 under which the petition has been sustained and repeat those subdivisions when ruling the child is described by section 300. To omit those subdivisions or to identify subdivisions neither pleaded nor proved is error.

## DISPOSITION

The juvenile court's February 24, 2016 oral declaration that Aaron is a child described by section 300, subdivisions (c) through (j), is reversed. In all other respects the court's February 24, 2016 findings and orders are affirmed.


PERLUSS, P. J.


We concur:



ZELON, J.


SEGAL, J.


5